Nicholas H. De Baun
Joanne Seltzer
Michael D. Mann
Sidley Austin LLP
787 Seventh Avenue
New York, New York 10019
(212) 839-5300

Attorneys for Defendants
LVI Services Inc., LVI Parent Corp.,
Scott E. State, Brian Simmons,
Rajay Bagaria and Gerald J. Girardi

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| BURTON T. FRIED, | **ECF CASE** |
| Plaintiff, | 10 Civ. 9308 (JSR) (JCF) |
| - against - | **ANSWER TO AMENDED COMPLAINT** |
| LVI SERVICES, INC.; LVI PARENT CORP.; CODE HENNESSY SIMMONS LLC d/b/a/ CHS PRIVATE EQUITY V LP; APOLLO INVESTMENT CORP.; SCOTT E. STATE, in his official and individual capacities; BRIAN SIMMONS, in his official and individual capacities; RAJAY BAGARIA, in his official and individual capacities; GERALD J. GIRARDI, in his official and individual capacities, | |
| Defendants. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Defendants LVI Services Inc. ("LVI"), LVI Parent Corp. ("LVI Parent"), Scott E.

State ("State"), Brian Simmons ("Simmons"), Rajay Bagaria ("Bagaria") and Gerald J. Girardi

("Girardi") (collectively referred to as "Defendants"), by their attorneys, Sidley Austin LLP, as

and for their Answer to the Amended Complaint (the "Complaint") herein, state as follows:

## NATURE OF THE CLAIMS

1.      Neither admit nor deny the allegations contained in Paragraph 1 of the Complaint as the allegations state conclusions of law to which no response is required.  To the extent Paragraph 1 contains factual allegations, Defendants deny all such allegations.

2.      Neither admit nor deny the allegations contained in Paragraph 2 of the Complaint as the allegations state conclusions of law to which no response is required.  To the extent Paragraph 2 contains factual allegations, Defendants deny all such allegations and aver that Plaintiff's common law claims were dismissed by the Court on April 4, 2011.

## PRELIMINARY STATEMENT

3.      Deny all of the allegations contained in Paragraph 3 of the Complaint, except deny knowledge and information relating to Plaintiff's expectations with respect to his employment with LVI and aver that Defendant LVI Services Inc.'s records show that Plaintiff was 70 years old when this lawsuit was begun.

4.      Deny all of the allegations contained in Paragraph 4 of the Complaint.

5.      Deny all of the allegations contained in Paragraph 5 of the Complaint, except admit that State began his employment with LVI as President and Chief Executive Officer ("CEO") on September 27, 2010.

6.      Deny all of the allegations contained in Paragraph 6 of the Complaint.

7.      Deny all of the allegations contained in Paragraph 7 of the Complaint, except deny knowledge and information sufficient to form a belief as to the truth of the representations in Paragraph 7 relating to Plaintiff's state of mind.

8.      Deny all of the allegations contained in Paragraph 8 of the Complaint.  To the extent Paragraph 8 purports to paraphrase or interpret a document, Defendants respectfully refer the Court to the full document for its contents.

9.      Deny all of the allegations contained in Paragraph 9 of the Complaint.

## JURISDICTION AND VENUE

10.      Neither admit nor deny the allegations contained in Paragraph 10 of the Complaint as the allegations state conclusions of law to which no response is required.  To the extent Paragraph 10 contains factual allegations, Defendants deny all such allegations.

11.      Neither admit nor deny the allegations contained in Paragraph 11 of the Complaint as the allegations state conclusions of law to which no response is required.  To the extent Paragraph 11 contains factual allegations, Defendants deny all such allegations.

## PROCEDURAL REQUIREMENTS

12.      Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 12 relating to Plaintiff's filing of charges of discrimination with the EEOC, but aver that Defendants received notices of charges of discrimination from the EEOC relating to Plaintiff's charges.

13.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint relating to Plaintiff's service of the

Complaint on the New York City Commission on Human Rights and the Office of the Corporation Counsel of the City of New York.

14.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint relating to Plaintiff's satisfaction of the prerequisites to the filing of this suit.

## PARTIES

15.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint, except neither admit nor deny the allegations contained in Paragraph 15 of the Complaint to the extent the allegations state conclusions of law to which no response is required.  LVI avers that its records reflect that Plaintiff's date of birth is February 26, 1940 and that he is a resident of the State of Connecticut, Fairfield County.

16.     Admit the factual allegations contained in Paragraph 16 of the Complaint, except neither admit nor deny the allegations contained in Paragraph 16 of the Complaint to the extent the allegations state conclusions of law to which no response is required.

17.     Deny all of the allegations contained in Paragraph 17 of the Complaint, except admit that LVI Parent is a Delaware corporation with a principal place of business located at 80 Broad Street, New York, New York 10004 and neither admit nor deny the allegations contained in Paragraph 17 of the Complaint to the extent the allegations state conclusions of law to which no response is required.

4

18.     Admit the factual allegations contained in Paragraph 18 of the Complaint, except neither admit nor deny the allegations contained in Paragraph 18 of the Complaint to the extent the allegations state conclusions of law to which no response is required, and aver that CHS is no longer a party to this action pursuant to the Court's Order, dated April 4, 2011.

19.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 19 of the Complaint and neither admit nor deny the allegations to the extent the allegations state conclusions of law to which no response is required, except admit that Apollo is a publicly traded company and that it owns a minority equity interest in LVI Parent with two seats on the LVI Parent board, and aver that Apollo is no longer a party to this action pursuant to the Court's Order, dated April 4, 2011..

20.     Deny all of the allegations contained in Paragraph 20 of the Complaint, except admit that State is a resident of the State of Colorado, currently a member of the Board, employed as President and CEO of LVI and was 47 years of age when this lawsuit was begun.

21.     Deny all of the allegations contained in Paragraph 21 of the Complaint, except admit that Simmons is a resident of the State of Illinois, currently a member of the Board and a partner of CHS and was 50 years of age when this lawsuit was begun.

22.     Deny all of the allegations contained in Paragraph 22 of the Complaint, except admit that Bagaria is a resident of the State of New York, currently a member of the Board and was 33 years of age when this lawsuit was begun.

23.     Deny all of the allegations contained in Paragraph 23 of the Complaint, except admit that Girardi is a resident of the State of New York, currently a member of the Board and was 51 years of age when this lawsuit was begun.

## FACTUAL ALLEGATIONS

### Mr. Fried's Employment at LVI

25.     Deny all of the allegations contained in Paragraph 25 of the Complaint, except admit that Plaintiff was Chairman of LVI and LVI Parent and was former President and CEO, and admit that LVI's records indicate he was 70 years of age when this lawsuit was begun.

26.     Deny all of the allegations contained in Paragraph 26 of the Complaint, except aver that Plaintiff was employed by LVI from on or about January 1, 1986 through November 30, 2010, and held several positions throughout his employment including General Counsel, President and CEO, interim President and CEO and Chairman.

27.     Admit the allegations contained in Paragraph 27 of the Complaint.

28.     Deny all of the allegations contained in Paragraph 28 of the Complaint.

29.     Deny all of the allegations contained in Paragraph 29 of the Complaint, except aver that LVI was retained to provide demolition services for buildings in Las Vegas and New York and to assist in the emergency response clean up of the Gulf Coast region after Hurricane Katrina.

30.     Deny the allegations contained in Paragraph 30 of the Complaint, except aver that LVI was sold on or about November 16, 2005 and, stating his wish to retire, Plaintiff was involved in the search for his replacement as President and CEO.

31.     Deny all of the allegations contained in Paragraph 31 of the Complaint to the extent Paragraph 31 purports to paraphrase or interpret a document, Defendants respectfully refer the Court to the full document for its contents.

32.     Deny all of the allegations contained in Paragraph 32 of the Complaint, except aver that Robert McNamara was hired as President and CEO of LVI on July 10, 2006 and that Plaintiff resigned from the position of President and CEO and assumed the position of Chairman.

33.     Deny all of the allegations contained in Paragraph 33 of the Complaint, except admit that, when Plaintiff assumed the position of Chairman of LVI, he agreed to a reduction of his work schedule and to a 20% reduction in his compensation.

34.     Deny all of the allegations contained in Paragraph 34 of the Complaint, except aver that, as Chairman of LVI, he was engaged in a number of areas of LVI's operations, as requested and approved by LVI's President and CEO.

35.     Deny all of the allegations contained in Paragraph 35 of the Complaint, except aver that Plaintiff played a role in cultivating a relationship with Arch Surety.

36.     Deny all of the allegations contained in Paragraph 36 of the Complaint, except aver that, as Chairman of LVI, Plaintiff played a role in maintaining a relationship with Arch Surety; however, Plaintiff's role diminished significantly upon the hire of McNamara.

**Mr. Fried's Unlawful Termination Based on His Age and in Breach of His Contract**[1]

37.     Deny all of the allegations contained in Paragraph 37 of the Complaint, except aver that Robert McNamara resigned from his position of President and CEO of LVI in

---

[1] A number of the headings in the Complaint contain false allegations. Because these headings are not numbered, Defendants have not responded to them specifically but hereby deny any and all allegations contained in Plaintiff's headings and subheadings.

April 2010 and that Plaintiff assumed the position of interim President and CEO until the hire of a new President and CEO.

38.     Deny all of the allegations contained in Paragraph 38 of the Complaint, except aver that Plaintiff's compensation returned to its previous level while he assumed the position of interim President and CEO and that he participated in the continued search for a new President and CEO.

39.     Deny all of the allegations contained in Paragraph 39 of the Complaint, except aver that Plaintiff played a role in the consideration of State for the position of President and CEO for LVI.

40.     Deny all of the allegations contained in Paragraph 40 of the Complaint, except aver that Plaintiff's participation in negotiations in connection with the restructuring and recapitalization of LVI in 2010 was limited to his and LVI management's individual compensation, and further aver that Simmons acknowledged the contribution of a number of employees, including Plaintiff, in connection with the restructuring and recapitalization of LVI in 2010.

41.     Admit the allegations contained in Paragraph 41 of the Complaint.

42.     Deny all of the allegations contained in Paragraph 42 of the Complaint, except aver that Plaintiff played a role in considering State for the position of President and CEO of LVI.

43.    Deny all of the allegations contained in Paragraph 43 of the Complaint, except aver that, on September 27, 2010, State began his employment with LVI as President and CEO and Plaintiff remained Chairman of LVI.

44.    Deny all of the allegations contained in Paragraph 44 of the Complaint, except aver that Plaintiff sent State a list of the responsibilities he proposed to perform as Chairman and that State requested a meeting with Plaintiff on October 19, 2010 to discuss Plaintiff's duties as Chairman going forward.

45.    Deny all of the allegations contained in Paragraph 45 of the Complaint, except aver that, during their meeting on October 19, 2010, State and Plaintiff discussed his proposed duties as Chairman and the transition of other duties to members of LVI's management.

46.    Deny all of the allegations contained in Paragraph 46 of the Complaint.

47.    Deny all of the allegations contained in Paragraph 47 of the Complaint.

48.    Deny all of the allegations contained in Paragraph 48 of the Complaint.

49.    Deny all of the allegations contained in Paragraph 49 of the Complaint, except aver that, on or about November 2, 2010, Simmons offered Plaintiff the opportunity to enter into a consulting contract with LVI.

50.    Deny all of the allegations contained in Paragraph 50 of the Complaint.

51.    Deny all of the allegations contained in Paragraph 51 of the Complaint, except aver that at a regularly scheduled LVI board meeting on November 4, 2010 a number of matters were discussed, including Plaintiff.

9

52.     Deny all of the allegations contained in Paragraph 52 of the Complaint, except deny knowledge or information sufficient to determine the truth of the allegations contained in Paragraph 52 of the Complaint relating to Plaintiff's alleged communications with Board members other than Simmons, Bagaria and Girardi.

53.     Deny all of the allegations contained in Paragraph 53 of the Complaint.

54.     Deny all of the allegations contained in Paragraph 54 of the  Complaint.

## Mr. Fried's Isolation and Termination

55.     Deny all of the allegations contained in Paragraph 55 of the Complaint.

56.     Deny all of the allegations contained in Paragraph 55 of the Complaint.

57.     Deny all of the allegations contained in Paragraph 57 of the Complaint.

58.     Deny all of the allegations contained in Paragraph 58 of the Complaint, except aver that on or about November 11, 2010, Defendant Simmons sent Plaintiff a letter setting out, among other things, his duties and responsibilities as non-executive Chairman of the Board and consultant and, to the extent that paragraph 58 purports to paraphrase or interpret a document, Defendants respectfully refer the Court to the full document for its contents.

59.     Deny knowledge and information sufficient to determine the truth of the allegations contained in Paragraph 59 of the Complaint relating to Plaintiff's sending a letter to State, except aver that a letter from Plaintiff's counsel was received by State on November 15, 2010 and, to the extent Paragraph 59 purports to paraphrase or interpret a document, Defendants respectfully refer the Court to the full document for its contents.

60.     Deny all of the allegations contained in Paragraph 60 of the Complaint, except aver that Defendant Simmons sent a letter to Plaintiff on or about November 16, 2010 notifying Plaintiff of the termination of his employment and offering him a consulting agreement with LVI and, to the extent Paragraph 60 purports to paraphrase or interpret a document, Defendants respectfully refer the Court to the full document for its contents.

61.     Deny all of the allegations contained in Paragraph 61 of the Complaint.

62.     Deny all of the allegations contained in Paragraph 62 of the Complaint, except aver that Plaintiff's employment with LVI terminated on November 30, 2010.

63.     Deny all of the allegations contained in Paragraph 63 of the Complaint.

**Retaliatory Conduct Following Mr. Fried's Termination**

64.     Deny all of the allegations contained in Paragraph 64 of the Complaint.

65.     Deny all of the allegations contained in Paragraph 65 of the Complaint, except admits that Ms. Dembin began her employment with LVI in 1996 as an administrative assistant in LVI's New York office and that she transferred to the Westport office.

66.     Deny all of the allegations contained in Paragraph 66 of the Complaint.

67.     Deny all of the allegations contained in Paragraph 67 of the Complaint.

68.     Deny all of the allegations contained in Paragraph 68 of the Complaint, except admits that, on or about January 6, 2011, Ms. Dembin was notified that her employment with LVI would be terminated on January 14, 2011.

69.     Deny all of the allegations contained in Paragraph 69 of the Complaint.

70.   Deny all of the allegations contained in Paragraph 70 of the Complaint.

71.   Deny all of the allegations contained in Paragraph 71 of the Complaint.

**A Single/Joint Employer Relationship Exists Between the Company and the Parent**

72.   Deny all of the allegations contained in Paragraph 72 of the Complaint.

73.   Admit the allegations contained in Paragraph 73 of the Complaint, except aver that Robert Hogan is no longer an officer of LVI Parent but remains a board member.

74.   Deny all of the allegations contained in Paragraph 74 of the Complaint, except admit that LVI Parent is a holding company that maintains no payroll.

75.   Deny all of the allegations contained in Paragraph 75 of the Complaint.

76.   Deny all of the allegations contained in Paragraph 76 of the Complaint.

77.   Admit all of the allegations contained in Paragraph 77 of the Complaint.

78.   Deny all of the allegations contained in Paragraph 78 of the Complaint.

79.   Deny all of the allegations contained in Paragraph 79 of the Complaint.

**A Single Employer Relationship Exists Between the Company and Apollo[2]**

80.   Deny all of the allegations contained in Paragraph 80 of the Complaint.

---

[2] Although, as a result of the Court's Order, dated April 4, 2011, Apollo has been dismissed from this action, Defendants nonetheless answer the paragraphs pertaining to Apollo in the Complaint on the basis of their knowledge and information.

81.     Deny all of the allegations contained in Paragraph 81 of the Complaint, except admit that Apollo is a minority shareholder of Parent, the sole owner of LVI, and has two seats on the Board.

82.     Deny all of the allegations contained in Paragraph 82 of the Complaint.

83.     Deny all of the allegations contained in Paragraph 83 of the Complaint.

84.     Deny all of the allegations contained in Paragraph 84 of the Complaint.

85.     Deny all of the allegations contained in Paragraph 85 of the Complaint.

**A Joint Employer Relationship Exists Between the Company and Apollo**

86.     Deny all of the allegations contained in Paragraph 86 of the Complaint.

87.     Deny the allegations contained in Paragraph 87 of the Complaint.

88.     Deny all of the allegations contained in Paragraph 88 of the Complaint.

89.     Deny all of the allegations contained in Paragraph 89 of the Complaint.

90.     Deny all of the allegations contained in Paragraph 90 of the Complaint.

91.     Deny all of the allegations contained in Paragraph 91 of the Complaint.

92.     Deny all of the allegations contained in Paragraph 92 of the Complaint.

93.     Deny all of the allegations contained in Paragraph 93 of the Complaint.

**A Single Employer Relationship Exists Between the Company and CHS[3]**

94.    Deny all of the allegations contained in Paragraph 94 of the Complaint.

95.    Deny all of the allegations contained in Paragraph 95 of the Complaint, except aver that CHS is a minority shareholder of the Parent, the sole owner of LVI, and has two seats on the Board of Directors of Parent.

96.    Deny all of the allegations contained in Paragraph 96 of the Complaint.

97.    Deny all of the allegations contained in Paragraph 97 of the Complaint.

98.    Deny all of the allegations contained in Paragraph 98 of the Complaint.

99.    Deny all of the allegations contained in Paragraph 99 of the Complaint.

**A Joint Employer Relationship Exists Between the Company and CHS**

100.    Deny all of the allegations contained in Paragraph 100 of the Complaint.

101.    Deny all of the allegations contained in Paragraph 101 of the Complaint.

102.    Deny all of the allegations contained in Paragraph 102 of the Complaint.

103.    Deny all of the allegations contained in Paragraph 103 of the Complaint.

104.    Deny all of the allegations contained in Paragraph 104 of the Complaint.

105.    Deny all of the allegations contained in Paragraph 105 of the Complaint.

---

[3] Although, as a result of the Court's Order, dated April 4, 2011, CHS has been dismissed from this action, Defendants nonetheless answer the paragraphs pertaining to CHS in the Complaint on the basis of their knowledge and information.

106.   Deny all of the allegations contained in Paragraph 106 of the Complaint.

**Damages as a Result of Defendants' Age Discrimination, Retaliation and Breach of Contract**

107.   Deny all of the allegations contained in Paragraph 107 of the Complaint.

108.   Deny all of the allegations contained in Paragraph 108 of the Complaint.

109.   Deny all of the allegations contained in Paragraph 109 of the Complaint.

110.   Deny all of the allegations contained in Paragraph 110 of the Complaint.

111.   Deny all of the allegations contained in Paragraph 111 of the Complaint.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Discrimination in Violation of the Age Discrimination in Employment Act)

112.   Responding to Paragraph 112 of the Complaint, repeat and reallege Defendants' answers to Paragraphs 1 through 111 of the Complaint, as if fully set forth herein.

113.   Deny all of the allegations contained in Paragraph 113 of the Complaint.

114.   Deny all of the allegations contained in Paragraph 114 of the Complaint.

115.   Deny all of the allegations contained in Paragraph 115 of the Complaint.

116.   Deny all of the allegations contained in Paragraph 116 of the Complaint.

## AS AND FOR A SECOND CAUSE OF ACTION
**(Retaliation in Violation of the Age Discrimination in Employment Act)**

117.    Responding to Paragraph 117 of the Complaint, repeat and reallege Defendants' answers to Paragraphs 1 through 116 of the Complaint, as if fully set forth herein.

118.    Deny all of the allegations contained in Paragraph 118 of the Complaint.

119.    Deny all of the allegations contained in Paragraph 119 of the Complaint.

120.    Deny all of the allegations contained in Paragraph 120 of the Complaint.

121.    Deny all of the allegations contained in Paragraph 121 of the Complaint.

122.    Deny all of the allegations contained in Paragraph 122 of the Complaint.

## AS AND FOR A THIRD CAUSE OF ACTION
**(Discrimination in Violation of New York City Human Rights Law)**

123.    Responding to Paragraph 123 of the Complaint, repeat and reallege Defendants' answers to Paragraphs 1 through 122 of the Complaint, as if fully set forth herein.

124.    Deny all of the allegations contained in Paragraph 123 of the Complaint.

125.    Deny all of the allegations contained in Paragraph 124 of the Complaint.

126.    Deny all of the allegations contained in Paragraph 125 of the Complaint.

127.    Deny all of the allegations contained in Paragraph 126 of the Complaint.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Retaliation in Violation of New York City Human Rights Law)

128.    Responding to Paragraph 128 of the Complaint, repeat and reallege

Defendants' answers to Paragraphs 1 through 127 of the Complaint.

129.    Deny all of the allegations contained in Paragraph 129 of the Complaint.

130.    Deny all of the allegations contained in Paragraph 130 of the Complaint.

131.    Deny all of the allegations contained in Paragraph 131 of the Complaint.

132.    Deny all of the allegations contained in Paragraph 132 of the Complaint.

133.    Deny all of the allegations contained in Paragraph 133 of the Complaint.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Aiding and Abetting Violations of New York City Human Rights Law)

134.    Responding to Paragraph 134 of the Complaint, repeat and reallege

Defendants' answers to Paragraphs 1 through 133 of the Complaint.

135.    Deny all of the allegations contained in Paragraph 135 of the Complaint.

136.    Deny all of the allegations contained in Paragraph 136 of the Complaint.

137.    Deny all of the allegations contained in Paragraph 137 of the Complaint.

138.    Deny all of the allegations contained in Paragraph 138 of the Complaint.

139.    Deny all of the allegations contained in Paragraph 139 of the Complaint.

## AS AND FOR A SIXTH CAUSE OF ACTION
**(Breach of Contract)**

140. Responding to Paragraph 140 of the Complaint, repeat and reallege Defendants' answers to Paragraphs 1 through 139 of the Complaint, as if fully set forth herein.

141. This cause of action was dismissed by the Court pursuant to the Order dated April 4, 2011.

142. This cause of action was dismissed by the Court pursuant to the Order dated April 4, 2011.

143. This cause of action was dismissed by the Court pursuant to the Order dated April 4, 2011.

## AS AND FOR A SEVENTH CAUSE OF ACTION
**(Breach of Implied Covenant of Good Faith and Fair Dealing)**

144. Responding to Paragraph 144 of the Complaint, repeat and reallege Defendants' answers to Paragraphs 1 through 143 of the Complaint, as if fully set forth herein.

145. This cause of action was dismissed by the Court pursuant to the Order dated April 4, 2011.

146. This cause of action was dismissed by the Court pursuant to the Order dated April 4, 2011.

147. This cause of action was dismissed by the Court pursuant to the Order dated April 4, 2011.

148.    This cause of action was dismissed by the Court pursuant to the Order dated April 4, 2011.

## AS AND FOR A EIGHTH CAUSE OF ACTION
### (Tortious Interference with Employment and/or Contractual Relations)

149.    Responding to Paragraph 149 of the Complaint, repeat and reallege Defendants' answers to Paragraphs 1 through 148 of the Complaint, as if fully set forth herein.

150.    This cause of action was dismissed by the Court pursuant to the Order dated April 4, 2011.

151.    This cause of action was dismissed by the Court pursuant to the Order dated April 4, 2011.

152.    This cause of action was dismissed by the Court pursuant to the Order dated April 4, 2011.

153.    This cause of action was dismissed by the Court pursuant to the Order dated April 4, 2011.

154.    This cause of action was dismissed by the Court pursuant to the Order dated April 4, 2011.

## AFFIRMATIVE DEFENSES

As and for its affirmative defenses, Defendants, by and through their attorneys, Sidley Austin LLP, state as follows:

### FIRST AFFIRMATIVE DEFENSE

All claims raised, all allegations made and all causes of action asserted in the Complaint against Defendants fail to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint should be dismissed because, at all times relevant hereto, Defendants acted in good faith and did not violate any right that may be secured to Plaintiff under any federal, state or local laws, rules, regulations or guidelines.

### THIRD AFFIRMATIVE DEFENSE

Any and all actions taken by Defendants with regard to Plaintiff were based on legitimate, nondiscriminatory business reasons, unrelated to Plaintiff's age.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred, in whole or in part, because of his failure to mitigate his purported damages.

### FIFTH AFFIRMATIVE DEFENSE

Assuming, _arguendo_, while vigorously denying, that Defendants injured Plaintiff, he has not demonstrated and cannot demonstrate facts sufficient to warrant compensatory, punitive or exemplary damages.

## SIXTH AFFIRMATIVE DEFENSE

Assuming, _arguendo_, while vigorously denying, that Defendants engaged in any unlawful conduct in relation to Plaintiff's employment, Defendants still would have made the employment decisions it made with respect to Plaintiff for legitimate, non-discriminatory reasons.

## SEVENTH AFFIRMATIVE DEFENSE

The causes of action alleged or alluded to in the Complaint are "frivolous, unreasonable and groundless," within the meaning of Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978), and, accordingly, Defendants should recover all costs and attorneys' fees incurred in defending this action.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's damages are barred, in whole or in part, by the after-acquired evidence doctrine.

## NINTH AFFIRMATIVE DEFENSE

Defendants have insufficient knowledge or information upon which to form a belief as to whether they may have additional, as yet unstated, separate defenses available. Defendants reserve the right to assert additional separate defenses in the event discovery indicates, or Defendants otherwise become aware, that additional defenses would be appropriate.

WHEREFORE, Defendants respectfully request the Court enter a judgment:

(1) dismissing the Complaint in its entirety with prejudice against Plaintiff;

(2) awarding Defendants their costs, expenses and attorneys' fees incurred in defending this action; and

(3) granting such other and further relief as the Court deems just and proper.

Dated: April 18, 2011

SIDLEY AUSTIN LLP

By: _____

Nicholas H. De Baun
(ndebaun@sidley.com)
Joanne Seltzer
(jseltzer@sidley.com)
Michael D. Mann
(mdmann@sidley.com)
787 Seventh Avenue
New York, New York 10019
(212) 839-5300

Attorneys for Defendants
LVI Services Inc., LVI Parent Corp.,
Scott E. State, Brian Simmons,
Rajay Bagaria and Gerald J. Girardi